UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

V.                                                                         CRIMINAL NO. 3:20-CR-46-4
                                                                                                                (JUDGE GROH)

JOHN WESTLEY BLACK, III,

    Defendant.

## MR. BLACK'S *EMERGENCY* MOTION FOR RELEASE

### I.    Introduction

    The Defendant, John W. Black, III, by his counsel, L. Richard Walker, Esq., and Nicholas Compton, Esq., respectfully files this emergency motion for release on bond. Mr. Black is being held pursuant to this Court's Detention Order. Docket No. 82.

    Early in this case, we disputed release and we stand by our original arguments. Unlike many defendants charged with crimes of violence in federal court, Mr. Black has ties to the community, no prior criminal convictions, a stable living environment, and a good job waiting for him. The weight of the evidence is not strong, and Mr. Black had a minor role in the conspiracy as it is alleged.

    When the Court of Appeals for the Fourth Circuit affirmed the Detention Order, on April 15, 2021, Mr. Black accepted his detention. Since then, however, Mr. Black has endured too much in the Eastern Regional Jail ("ERJ") and undersigned counsel have determined that it is no longer a safe environment. To be sure, the Detention Order did not contemplate that Mr. Black would be denied adequate medical care, subjected to unsanitary conditions, and recklessly exposed to

1

COVID-19. Accordingly, Mr. Black respectfully requests that this Court vacate the Detention Order and release Mr. Black to his family's home in Carroll County, Maryland.

## II.     Argument

**A. The Government's case against Mr. Black.**

The background of this case is well articulated in the record. Given that this is an emergency motion, and minutes can determine whether Mr. Black is infected with COVID-19, as discussed below, undersigned counsel will be brief. Mr. Black is accused of a kidnapping in Maryland, resulting in the death of John Riddle, in West Virginia. Mr. Black did not know the decedent, Jonathan Riddle. Mr. Black did not have a quarrel with Mr. Riddle. Mr. Black did not plan to harm Mr. Riddle. Mr. Black did not know there would be a fight involving Mr. Riddle in a co-defendant's home. Mr. Black did not stab Mr. Riddle. Mr. Black did not hog-tie Mr. Riddle. Mr. Black did not place Mr. Riddle in Mr. Riddle's car and Mr. Black did not drive Mr. Riddle to West Virginia. Mr. Black did not place Mr. Riddle's body in a wooded area in West Virginia and he did not burn his body.

We seriously question whether the Government can meet its burden of proof in this case. This is a complex case and there is no trial date. In the meantime, Mr. Black has been incarcerated at the ERJ, under conditions that are unacceptable, unsafe and unhealthy. He should be released from confinement immediately.

**B. Mr. Black has not received necessary medical care.**

Mr. Black has had chronic problems with his ears since early childhood. Essentially, Mr. Black suffered from chronic ear infections. He had multiple corrective procedures prior to his incarceration. At the ERJ, it was determined that surgery was necessary to avoid severe inner ear infections and to preserve his hearing. We believe there is a diagnosis of Cholesteatoma. This

surgery occurred in Morgantown, West Virginia, on June 2, 2021. It is the understanding of undersigned counsel that the surgery was successful.

The associated medical records indicate that Mr. Black should have been transported for a follow up appointment on June 14, 2021. The ERJ did not release Mr. Black that day and he was not transported to that appointment on June 14, 2021.

Instead, on July 12, 2021, Mr. Black was transported for a follow up appointment in Morgantown. Mr. Black met with a nurse practitioner. The medical records indicated a need for a subsequent follow up appointment in four weeks (August 2021). This follow up appointment never occurred.

On November 16, 2021, we inquired and the USMS advised that the next medical appointment will not occur until February 2022 for unspecified reasons relating to COVID-19. The USMS has been responsive but, in essence, we are told that all that can be done is being done. The best efforts are not sufficient here. Mr. Black is not receiving appropriate medical care called for by his medical provider. It is reasonable to conclude that a failure to provide adequate care after a surgery can be detrimental to Mr. Black's health and place him at risk of more infections and permanent hearing damage. We cannot remain silent when a necessary medical appointment is delayed for months and we are asking for this Court's assistance. If Mr. Black is released from custody, he can make arrangements on his own for timely medical treatment.

**C. Mr. Black is exposed to unsanitary conditions at the ERJ.**

The DOC's Regional Jails are unsanitary. Undersigned counsel handle complaints regularly about our clients sleeping on the floor, lacking hygiene products, no soap, and even being deprived of running water. We try to resolve these problems because, unfortunately, the DOC's Regional Jails are all that are available in this district.

In this case, though, we witnessed something beyond the pale. On Saturday, July 10, 2021, undersigned counsel traveled to the ERJ to visit Mr. Black. We observed two staff members outside the jail, taking a break to smoke. We explained that we were appearing for a legal visit with our client, Mr. Black. The staff members advised that they were the only two staff members at the facility and that a legal visit was possible, but we would have to wait until they finished smoking and attended to other matters inside the jail.

Eventually, we were escorted inside the jail by one of the staff members. The staff member directed us inside a small visitation room with Mr. Black. Inside the room were multiple used bandages and pieces of medical gauze with blood on them, discarded on the floor. Undersigned counsel (Mr. Compton) had been placed in the same room earlier that week and observed the same bloody bandages on the floor. The table in the room was visibly dirty too. Clearly, there was not enough staff to do any cleaning. The conditions were unsettling. Given that Mr. Black was recovering from surgery, this placed him at great risk of infection and complications from the surgery. We are asking this Court to released Mr. Black from the ERJ so that he is no longer exposed to human blood, discarded bandages, and other similar unsanitary conditions, particularly while he is suffering from his own medical problems.

**D. Mr. Black has been exposed to COVID-19.**

Today, Mr. Black is in a cell with an inmate who reports being positive for COVID-19. This is dangerous. Mr. Black is not vaccinated. It is a matter of time before Mr. Black is infected. We are asking this Court to release him immediately so that he is not infected.

By way of background, on October 24, 2021, Mr. Black advised his family that people were being infected with COVID-19 in the ERJ. We began to monitor the situation closely. On November 9, 2021, Mr. Black called undersigned counsel and advised that an inmate in the adjacent cell had been diagnosed with COVID-19. Mr. Black expressed a concern about being

4

exposed and asked undersigned counsel to see if the inmate could be removed from the housing unit. The same day, we received two additional complaints from other clients in the same unit about an inmate remaining in the unit, despite that he had been diagnosed with COVID-19. We inquired and the USMS confirmed that there was an inmate with COVID-19 in Mr. Black's housing unit and that inmate would not be removed to an area designated for quarantine. The USMS advised that the ERJ's response to the situation was to lock all cells for all the inmates in the housing unit to avoid the spread of COVID-19.

On November 10, 2021, Mr. Black contacted undersigned counsel and reported that the infected inmate had been permitted to leave his cell and move in close proximity to other inmates in the housing unit. Mr. Black complained to a nurse at the ERJ, to no avail.

On November 16, 2021, an inmate housed in the same locked cell with Mr. Black called our law office and advised that he tested positive for COVID-19 two days ago. As of November 16, 2021, it is our understanding that Mr. Black has not tested positive for COVID-19. Immediately, we communicated our concerns to the USMS, but, it seems, the ERJ's approach of locking in all inmates is something we must accept. We will not. Mr. Black should not be forced to remain in a small, locked cell with an inmate who reports being positive for COVID-19. We are not medical doctors, but having lived through an international pandemic we know well that being placed in close proximity to an infected person for an extended period is a recipe for disaster. We are asking this Court to intervene and to release Mr. Black so that he is not infected with COVID-19. Time is of the essence.

### III. Conclusion

Based upon the foregoing, this Court should vacate the Detention Order and release Mr. Black to his home in Maryland in **Taneytown, Maryland,** while awaiting trial.

Respectfully submitted,

**JOHN WESTLEY BLACK, III**,

By Counsel

By: s/ L. Richard Walker
L. Richard Walker
WV State Bar No. 9580
Attorney for the Defendant
Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26301
Tel. (304) 622-3823
E-Mail: Richard_Walker@fd.org

**CERTIFICATION OF SERVICE**

I hereby certify that on November 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Kimberly Crockett**
**U.S. Attorney's Office – Martinsburg, WV**

By:   s/ L. Richard Walker
L. Richard Walker
WV State Bar No. 9580
Attorney for Defendant
Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26301
Tel. (304) 622-3823
Fax. (304) 622-4631
E-Mail: Richard_Walker@fd.org